

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JENNIFER STARR,<br>11005 E. 44th Terr.<br>Kansas City, Missouri 64133<br><br>Plaintiff,<br><br>v.<br><br>NEW YORK LIFE INSURANCE CO.,<br>SERVE: Officer or Managing Agent<br>11400 Tomahawk Creek Parkway<br>Suite 200<br>Leawood, KS 66211<br><br>Defendant. | Case No.: 03-2294-GTV |

## COMPLAINT

**COMES NOW** plaintiff and for her Complaint against defendant states and alleges as follows:

1. Plaintiff is an individual and is a resident of Kansas City, Jackson County, Missouri.

2. Defendant New York Life Insurance Company (hereinafter New York Life) is a foreign insurance corporation transacting business at 11400 Tomahawk Creek Parkway, Suite 200, Leawood, Kansas and can be served by serving an officer or managing agent at this address.

3. At all times relevant hereto, defendant New York Life was engaged in an industry affecting commerce who employed more than 500 employees, such that defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

4. At all times relevant hereto, plaintiff was employed in work affecting interstate commerce such that she is an employee for purposes of the prohibition against sex discrimination contained in 29 U.S.C. § 206(d).

5.     This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* and the Equal Pay Act; provisions of the Fair Labor Standards Act, 29 U.S.C. § 206(d), and this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).

6.     The unlawful employment practices occurred in this judicial district and a substantial part of the events giving rise to the claim occurred in this judicial district, such that venue exists in this judicial district pursuant to 28 U.S.C. § 1391(a) and 42 U.S.C. § 2000e-5(f)(3).

7.     Plaintiff was hired by defendant in September, 2000 as a case design marketing consultant at a salary of $50,000 per year.

8.     At the time plaintiff was hired by defendant, plaintiff became the fourth employee and the third female employed by defendant doing case design sales support in its Leawood, Kansas office.

9.     In October, 2000 defendant hired a fifth case design marketing consultant, also female, at a salary of $50,000 per year.

10.    In December, 2000 defendant hired a sixth case design marketing consultant, a male, who defendant paid a salary of $60,000 per year.

11.    In approximately May, 2001 the third case design marketing consultant employed by defendant, a female, resigned, taking the number of case design marketing consultants employed by defendant at its Leawood, Kansas office back down to five.

12.    In September, 2001 plaintiff received a salary increase to $52,000 per year.

13.    In February, 2002 defendant hired another case design marketing consultant, a male, to become the sixth case design marketing consultant, at a salary of $60,000 per year.

14. At least one of the males hired as a case design marketing consultant after plaintiff was hired in at Grade 14, while plaintiff and the other female hired shortly after plaintiff, were hired at Grade 13, and the last female hired before plaintiff as a case design marketing consultant had been a Grade 10.

15. Under defendant's system of compensation, the higher the grade level, the greater the benefits such that grade level directly affects total compensation.

16. As of February 2002, three women and three men were employed by defendant at its Leawood, Kansas office doing case design sales support work; all of the men earned $60,000 per year or more while none of the women earned as much as $60,000 per year, even though two of the three women had more experience and were more qualified to do the job than two of the three men.

17. The positions held by plaintiff and by the two male case design marketing consultants hired by defendant after plaintiff was hired, required substantially equal skill, effort and responsibility as the work performed by plaintiff.

18. Plaintiff and the two male employees hired to do case design sales support work after plaintiff was hired all performed their work under similar working conditions.

19. In February 2002, plaintiff complained about the salary discrimination against her based upon her sex to her first and second level supervisors.

20. In response to plaintiff's complaint, defendant refused to make any salary adjustment to plaintiff's salary and instead began to retaliate against plaintiff by depriving her of significant job opportunities and benefits.

21. In March 2002, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, charging defendant with discrimination and retaliation.

22. The EEOC found that the evidence obtained during its investigation established a violation of Title VII of the Civil Rights Act of 1964 and the Equal Pay Act provisions of the Fair Labor Standards Act. The EEOC made no finding on plaintiff's retaliation complaint.

23. On or about March 27, 2003, the EEOC reported that defendant refused to conciliate and it therefore issued to plaintiff Notice of Right to Sue.

## COUNT I
## EQUAL PAY ACT

For Count I of her Complaint against defendant, plaintiff states and alleges as follows:

24. Plaintiff restates, realleges and incorporates by reference paragraphs 1 through 23 herein.

25. Defendant's actions are in violation of 29 U.S.C. § 206(d) in that they constitute discrimination between employees on the basis of sex.

26. Defendant either knew it was violating the Equal Pay Act or was indifferent to whether or not it was violating the act such that defendant's violation was willful.

27. Pursuant to 29 U.S.C. § 216(b), defendant is liable to plaintiff in the amount of plaintiff's unpaid wages and in an additional equal amount as liquidated damages.

**WHEREFORE**, plaintiff prays judgment on Count I of her Complaint against defendant in the amount of plaintiff's unpaid compensation and benefits, liquidated damages thereon, reasonable attorneys fees and the costs of this action.

## COUNT II
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## DISCRIMINATION

For Count II of her Complaint against defendant, plaintiff states and alleges as follows:

28. Restates, realleges and incorporates by reference herein paragraphs number 1 through 27 herein.

29. Defendant's discrimination against plaintiff on the basis of sex is unlawful pursuant to 42 U.S.C. § 2000e-2.

30. At all relevant times, defendant employed more than 500 employees for purposes of the limitation contained in 42 U.S.C. § 1981a(b)(3)(D).

31. Defendant engaged in the discriminatory practice with malice or with reckless indifference to plaintiff's federally protected rights.

32. As a result of defendant's discrimination, plaintiff lost money and wages that she would have earned in the absence of such discrimination and is entitled to an award of back pay in respect thereof.

33. As a result of defendant's discrimination, plaintiff sustained damages in the form of emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary damages.

34. As a result of defendant's discrimination plaintiff was rendered unable to do her job and was constructively discharged by defendant on or about February 26, 2003.

35. Plaintiff seeks reinstatement or, in lieu thereof, an award of front pay.

**WHEREFORE**, plaintiff prays judgment against defendant in the amount of plaintiff's unpaid compensation and benefits, back pay, compensatory damages, front pay or reinstatement in

lieu thereof, and for punitive damages, for reasonable attorneys fees, for prejudgment interest and for her costs.

## COUNT III
## RETALIATION

36. Plaintiff restates, realleges and incorporates by reference paragraphs 1 through 35 herein.

37. Defendant's actions in retaliating against plaintiff in response to plaintiff's opposing defendant's unlawful practices constitutes a separate violation that is unlawful under 42 U.S.C. § 2000e-3(a).

38. As a result of defendant's retaliation, plaintiff suffered the loss of tangible and intangible job benefits.

39. As a result of defendant's retaliation, plaintiff sustained damages in the form of emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary damages.

40. As a result of defendant's retaliation plaintiff was rendered unable to do her job and was constructively discharged by defendant on or about February 26, 2003.

41. Plaintiff seeks reinstatement or, in lieu thereof, an award of front pay.

**WHEREFORE**, plaintiff prays judgment against defendant in the amount of plaintiff's unpaid compensation and benefits, back pay, compensatory damages, front pay or reinstatement in lieu thereof, and for punitive damages, for reasonable attorneys fees, for prejudgment interest and for her costs

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable herein.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas as the place of trial.

THE MEYERS LAW FIRM, LC

By: _____
Martin M. Meyers          KS     #14416
*mmeyers@meyerslaw.com*
222 West Gregory Boulevard
Suite 340
Kansas City, Missouri 64114
(816) 444-8500
(816) 444-8508 *facsimile*

ATTORNEYS FOR PLAINTIFF

7